**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Laquinn Fisher, | CV 12-00756-PHX-FJM |
| Plaintiff, | **ORDER** |
| vs. | |
| City of Mesa; Sgt. Campbell, individually and acting on behalf of Mesa Police Dept.; Jane Doe Campbell; Sgt. Birnbaum, individually and acting on behalf of Mesa Police Dept.; Jane Doe Birnbaum; Officer Gomez, individually and acting on behalf of Mesa Police Dept.; Jane Doe Gomez; Officer Calkins, individually and acting on behalf of Mesa Police Dept.; Jane Doe Calkins, | |
| Defendants. | |

The court has before it defendants' motion to dismiss (doc. 3), plaintiff's response (doc. 4), and defendants' reply (doc. 7).

**I**

On May 26, 2006, Mesa police were contacted by the victim of a recent pistol-whipping. The defendant officers arrived at plaintiff's apartment to investigate. Plaintiff matched the description and nickname of the assailant. Three individuals, including plaintiff, left the apartment. While questioning plaintiff outside his apartment, the officers entered the apartment pursuant to a protective sweep. The officers saw no one inside. They did,

however, observe open duffel bags filled with marijuana. Plaintiff's roommate later gave consent for the police to search the apartment. They conducted a search and seized the marijuana.

Plaintiff was charged with possession of marijuana for sale. The trial court denied his motion to suppress the marijuana, and a jury found plaintiff guilty. He was sentenced to eleven years in prison. The Arizona Court of Appeals affirmed plaintiff's conviction. It found that the protective sweep was reasonable under the Fourth Amendment and affirmed plaintiff's conviction. State v. Fisher, 225 Ariz. 258, 261-62, 236 P.3d 1205, 1208-09 (Ct. App. 2010) ("Fisher I"). The Arizona Supreme Court held that the protective sweep as conducted violated the Fourth Amendment.[1] State v. Fisher, 226 Ariz. 563, 567, 250 P.3d 1192, 1196 (2011) ("Fisher II"). The charges were ultimately dismissed. Plaintiff was in custody from May 26, 2006 until his release from prison on July 5, 2011.

Plaintiff originally filed this action in the Superior Court of Arizona in Maricopa County on February 8, 2012. The complaint asserts three counts: (1) illegal search and seizure; (2) negligence; and (3) civil rights pursuant to 42 U.S.C. § 1983. Defendants removed on the basis of federal question jurisdiction (doc. 1), and move to dismiss the complaint in its entirety.

**II**

Defendants argue that because plaintiff filed a late response, we should grant the motion to dismiss pursuant to LRCiv 7.2(i). The rule cautions that "if. . . counsel does not serve and file the required answering memoranda. . . such non-compliance may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily." Id. Plaintiff did file a response, albeit late. And defendants have not argued that they were prejudiced by the late response. Accordingly, we proceed with considering

---

[1] We may take judicial notice of the Arizona courts' rulings as they are matters of public record and were referenced in the complaint. Mirmehdi v. United States, __F.3d__, 2012 WL 2044804, at *5 n.5 (9th Cir. 2012). Moreover, plaintiff expressly agrees with the facts as presented in Fisher I and Fisher II. Response at 2.

1  the motion on the merits.

## III

In count three, plaintiff asserts § 1983 claims against the defendant officers and against the City of Mesa ("the City"). Plaintiff alleges that defendants violated his constitutional rights by illegally entering and searching his apartment.

Defendants argue that the officers are entitled to qualified immunity. Qualified immunity shields an officer from liability when his conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Pearson v. Callahan, 555 U.S. 223, 231, 129 S. Ct. 808, 815 (2009) (citation omitted). Deciding whether qualified immunity applies is a two-step inquiry that can be completed in either order. We decide whether a constitutional right was violated, and if so, whether that right was clearly established at the time the events unfolded. Mattos v. Agarano, 661 F.3d 433, 440 (9th Cir. 2011). A right is clearly established when all reasonable officers would understand that their actions violate that right. Reichle v. Howards, __ U.S. __, 132 S. Ct. 2088, 2093 (2012). Precedent existing at the time of the alleged violation "must have placed the statutory or constitutional question beyond debate." Id. at __, 132 S. Ct. at 2093 (citation omitted). Here, we look to existing precedent as of May 26, 2006, the date of the protective sweep.

In 1990, the Supreme Court held that a warrantless protective sweep is permissible under the Fourth Amendment if the officers had a "reasonable belief based on specific and articulable facts. . . that the area swept harbored an individual posing a danger to the officer or others." Maryland v. Buie, 494 U.S. 325, 327, 110 S. Ct. 1093, 1095 (1990) (quotation and citation omitted). Plaintiff argues that his rights were clearly established under Buie. To determine whether a right is clearly established, however, courts focus on particularized context rather than on abstract rights. Alston v. Read, 663 F.3d 1094, 1098 (9th Cir. 2011).

Although Buie established the general parameters of the protective sweep, we do not find that reasonable officers reading Buie would have known beyond debate that it was unlawful to conduct a protective sweep of plaintiff's apartment. See Reichle, __U.S. at __,

- 3 -

132 S. Ct. at 2093. Indeed, two courts - each applying Buie - reached opposite conclusions as to the legality of the protective sweep. The Arizona Court of Appeals concluded that the officers had a reasonable and articulable belief that an individual could still be inside plaintiff's apartment "with the still unaccounted-for gun." Fisher I, 225 Ariz. at 261, 236 P.3d at 1208. But the Arizona Supreme Court determined that because the officers made no attempt to determine how many people lived inside plaintiff's apartment, whether anyone remained inside was "mere speculation." Fisher II, 226 Ariz. at 567, 250 P.3d at 1196. Thus, the court concluded that the officers "did not articulate specific facts to establish a reasonable belief that someone might be in the apartment." Id. If two panels of judges analyzing the facts with the luxury of time and reflection could not reach agreement as to whether the protective sweep was valid under Buie, we decline to conclude that police officers acting in the heat of the moment should have been able to extrapolate the right result.

Plaintiff has not pointed to any other cases decided as of May 26, 2006 to show that it was clearly established that the protective sweep of his apartment was invalid.[2] To the contrary, the Arizona Court of Appeals cited a number of cases from this circuit in support of its conclusion that the protective sweep satisfied Buie. See Fisher I, 225 Ariz. at 260-61, 236 P.3d at 1207-08 (citing United States v. Garcia, 997 F.2d 1273, 1282 (9th Cir. 1993) (prior to arresting a detained suspect, officers had to discover "for their own safety" whether others were in the apartment); United States v. Castillo, 866 F.2d 1071, 1080-81 (9th Cir. 1988) (protective sweep of apartment justified, despite lack of officers' actual knowledge whether anyone else was inside the apartment)).

In sum, plaintiff has not met his burden of showing that the officers violated a clearly established right. See Alston, 663 F.3d at 1098. Even if the Arizona Supreme Court's

---

[2] Plaintiff cites two cases from 2010. See Palmieri v. Kammerer, 690 F. Supp. 2d 34, 47-48 (D. Conn. 2010); Humble v. Cnty. of Missoula, CV-09-135-M-DWM, 2010 WL 2360551, at *6 (D. Mont. June 9, 2010). Even if these cases are sufficiently related (a question we do not decide), they could not have placed the officers on notice in 2006 that their conduct was clearly unlawful. See Padilla v. Yoo, 678 F.3d 748, 761 (9th Cir. 2012) (case decided in 2004 could not have put defendant on notice of plaintiff's rights in 2001).

- 4 -

1  understanding of federal law was correct, an issue we need not decide, the officers are
2  entitled to qualified immunity on the § 1983 claim because the underlying right was
3  obviously not clearly established.

4        Plaintiff also asserts a § 1983 claim against the City.  A § 1983 claim against a city
5  cannot rest on the theory of *respondeat superior*.  <u>AE ex rel. Hernandez v. Cnty. of Tulare</u>,
6  666 F.3d 631, 636 (9th Cir. 2012) (citing <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658, 691,
7  98 S. Ct. 2018, 2036 (1978)).  Instead, a city is only liable if it "had a deliberate policy,
8  custom, or practice that was the moving force behind the constitutional violation."  <u>Id.</u>
9  (citation omitted).  Bare allegations concerning "some unidentified government policy or
10 custom" are no longer sufficient.  <u>Id.</u> at 637.  Enough facts must be alleged to plausibly
11 suggest that plaintiff is entitled to relief on his <u>Monell</u> claim.  <u>Id.</u>  Count three of the
12 complaint is completely devoid of any allegations regarding policies, customs, or practices.
13 Accordingly, plaintiff fails to state a § 1983 claim against the City in count three.

14       In count two, plaintiff asserts a negligence claim against all defendants.  To the extent
15 that plaintiff's negligence claim could be interpreted as a § 1983 failure to train or supervise
16 claim, it also fails.  A city may be liable under § 1983 for failure to train if a plaintiff can
17 show that the city's failure to train amounted to deliberate indifference.  <u>Connick v.</u>
18 <u>Thompson</u>, __ U.S. __, 131 S. Ct. 1350, 1359 (2011).  Plaintiff alleges that the City's failure
19 to exercise sufficient care in hiring, training, screening and supervising its officers was
20 conduct "constituting negligence or gross negligence."  <u>Compl.</u> ¶ 32 (doc. 1, ex. 1).  But "[a]
21 showing of simple or even heightened negligence will not suffice" to establish deliberate
22 indifference.  <u>Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown</u>, 520 U.S. 397, 407, 117
23 S. Ct. 1382, 1390 (1997).

24       Plaintiff asks for leave to amend his § 1983 claim against the City.  Plaintiff, however,
25 admits that to discover whether the City is liable, he would need to request copies of its
26 training materials.  But to survive a motion to dismiss on a <u>Monell</u> claim, plausible facts
27 concerning the objectionable policy, custom, or practice must be pled in the complaint.  <u>AE</u>
28 <u>ex rel. Hernandez</u>, 666 F.3d at 637.  Because plaintiff does not indicate that he has additional

- 5 -

1 facts to add, instead acknowledging that he would need copies of the City's training materials
2 to "discover any liability," Response at 8, we find that amendment would be futile.
3 Accordingly, we dismiss the § 1983 claim against the City and deny plaintiff's request for
4 leave to amend. See AE ex rel. Hernandez, 666 F.3d at 637-38.

### IV

6 Having dismissed all federal claims, we turn to plaintiff's state law claims for illegal
7 search and seizure and negligence. Once we dismiss all claims over which we had original
8 jurisdiction, we may decline to exercise supplemental jurisdiction over state law claims. 28
9 U.S.C. § 1367(c)(3). Typically, when all federal claims are dismissed, "the balance of factors
10 to be considered under the pendent jurisdiction doctrine—judicial economy, convenience,
11 fairness, and comity—will point toward declining to exercise jurisdiction over the remaining
12 state-law claims." Sanford v. MemberWorks, Inc., 625 F.3d 550, 561 (9th Cir. 2010)
13 (quotation omitted). This action is in its very early stages. We have not yet held a Rule 16
14 scheduling conference. Here, the above factors point towards declining to adjudicate
15 plaintiff's state law claims. State claims are best resolved by state courts.

### V

17 **IT IS ORDERED GRANTING** defendants' motion to dismiss (doc. 3). Counts one
18 and two are dismissed without prejudice. Count three is dismissed with prejudice. The Clerk
19 shall enter judgment.

20 DATED this 12th day of July, 2012.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge